Gavin Mehl
1400 36th Street
Sacramento, California ~95816
(917)304-6089 emergency cell
mehlgavin@gmail.com

Plaintiff in *Pro Se*

FILED
OCT 20 2020
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY [signature]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GAVIN MEHL

Plaintiff,

vs.

ZIP CAPITAL GROUP, LLC

Defendant.

Case No.: 2:20-cv-2099-TLN-AC(PS)

COMPLAINT FOR DAMAGES

VIOLATION OF 47 USC 227 *et seq.* TCPA;

Plaintiff, GAVIN MEHL, complaining of Defendant, ZIP CAPITAL GROUP, LLC as follows:

## I. INTRODUCTION

1. This is an action brought by Plaintiff for violations of the Telephone Consumer Protection Act (TCPA), 47 USC § 227(b)(1)(A) and 47 USC § 227(b)(1)(A)(iii) against the defendant as named, ZIP CAPITAL GROUP, LLC.

## II. PARTIES

2. The Plaintiff, GAVIN MEHL, is a natural person and is a resident of Sacramento County, California.

3. Defendant, ZIP CAPITAL GROUP, LLC, is a Marketing, Limited Liability Corporation, formed under the laws of California, with Corporate Headquarters at 25 Pacifica 5422, Irvine CA 92614 and agent for Service of Process, LEGALZOOM.COM, INC (C2967349) 26 Executive Park, Suite 100, Irvine, CA 92612 ("ZIP").

## III. JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227(b)(3).

5. Venue is proper pursuant to 28 U.S.C. § 1391(b). Venue in this District is proper in that Plaintiff resides here, the Defendant ("ZIP") transact business here and the conduct complained of occurred here.

6. Conditions precedent have been met by plaintiff providing defendant notice of intent to sue and Ten (10) Notice and Opportunity to cure via USPS priority mail tracking number 9410803699300127441427. The parties were unable to settle a resolution.

## IV. STATEMENT OF FACTS

7. On or about September 4, 2020 at 7:16 AM, Defendant ZIP called from 916-794-7755 to Plaintiff's Emergency Cell Phone number 917-304-6089 ("Emergency Cell Phone"). Plaintiff answered the phone call "hello", there was dead air silence. Plaintiff answered again "hello", there was continued dead air silence. Plaintiff, answered a third time "hello" an agent asked "may I speak to the business owner?" The purpose of the call was telephone solicitation. Plaintiff asked the agent to stop calling.

8. Plaintiff alleges from September 4 thru October 6, 2020 Defendant ZIP CAPITAL GROUP, LLC called Plaintiff's emergency cell phone eleven (11) times by using a telephone system that has automatic telephone dialing system ***capabilities***. Defendant, after being instructed by Plaintiff to stop calling; knowing, intentionally willfully violates the strict liability statute of the TCPA as follows:

1. On or about September 4, 2020 at 1:03 PM, defendant Zip called Plaintiff's Emergency Cell Phone from phone number 903-345-3928.
2. On or about September 4, 2020 at 2:03 PM, defendant Zip called Plaintiff's Emergency Cell Phone from phone number 903-345-3928.
3. On or about September 8, 2020 at 8:10 AM, defendant Zip called Plaintiff's Emergency Cell Phone from phone number 949-238-1519. Plaintiff spoke to Defendant Zip's agent Jorge Ramirez. He told Plaintiff that Defendant Zip used **zoho.com** to integrate its automatic telephone dialing system ***capabilities***.
4. On or about September 8, 2020 at 3:34 PM, defendant Zip called Plaintiff's Emergency Cell Phone from phone number 949-238-1519.
5. On or about September 9, 2020 at 7:56 AM, defendant Zip called Plaintiff's Emergency Cell Phone from phone number 949-238-1519.
6. On or about September 10, 2020 at 8:04 AM, defendant Zip called Plaintiff's Emergency Cell Phone from phone number 949-238-1519.
7. On or about September 14, 2020 at 8:15 AM, defendant Zip called Plaintiff's Emergency Cell Phone from phone number 949-238-1519.
8. On or about September 18, 2020 at 3:27 PM, defendant Zip called Plaintiff's Emergency Cell Phone from phone number 949-238-1519.
9. On or about September 24 at 7:37 AM, defendant Zip called Plaintiff's Emergency Cell Phone from phone number 949-239-6898.
10. On or about October 5, 2020 at 11:08 AM, defendant Zip called Plaintiff's Emergency Cell Phone from phone number 949-447-5346.
11. On or about October 6, 2020 at 1:06 PM, defendant Zip called Plaintiff's Emergency Cell Phone from phone number 949-447-5346.

9. On all the above referenced calls to Plaintiffs Emergency Cell Phone, were done with no prior permission given by Plaintiff.

10. On all the above referenced calls to Plaintiffs Emergency Cell Phone, Defendant ("ZIP") trespassed on Plaintiff and Plaintiff incurred an injury as his peace was disturned, Plaintiffs personal time was wasted, Plaintiff was charged for the call, Plaintiffs wear and tear of his emergency cell phone and wear of his batter incurred. Plaintiff has Article III standing.

**FIRST CAUSE OF ACTION**

**VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT**

**47 USC § 227(b)(1)(A) and § 227(b)(1)(A)(iii)**

**(Against Defendant ZIP)**

11. Plaintiff realleges and incorporates by reference the facts and allegations contained in Paragraphs 1 through 12, above, as though fully set forth in this First Cause of Action.

12. This damage is for the calls from Defendant ZIP to Plaintiffs emergency cell phone, without prior express consent from September 4, 2020 to October 6, 2020, as a total of eleven (11) individual violations of the statute. As a separate and distinct damage and cause of action, Defendant ZIP, has demonstrated intentional and willful or knowing non-compliance with 47 USC § 227(b)(1)(A) and § 227(b)(1)(A)(iii), in violating strict liability statute; by the following:

47 U.S.C. § 227(b)(1)(A) states in part:

("(b) Restrictions on use of automated telephone equipment

(1) Prohibitions.----It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States-

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice-")

47 U.S.C. § 227(b)(1)(A)(iii) states in part:

(1) Prohibitions.----It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States-

(A) to make any call (other than a call made for emergency purposes or made with

the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice-")

("(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

13. Defendant ("ZIP") has damaged Plaintiff by violations of 47 USC 227 as follows:

§ 227(b)(1)(A) using an automatic telephone dialing system to call an emergency cell phone.

§ 227(b)(1)(A) using a phone system with automatic telephone dialing system ***capabilities*** without an emergency purpose.

§ 227(b)(1)(A) making a call without prior express (written) consent of the Plaintiff.

§ 227(b)(3)(B) making a call without an established business relationship.

§ 227(b)(1)(A)(iii) making a call for which Plaintiff is charged for the call.

§ 227(b)(1)(A)(iii) making a call without permission to call MEHL's Emergency Cell Phone.

14. An unintentional call carries a damage amount of $500; an intentional call carries a damage amount of $1,500 per violation.

15. Defendant ("ZIP") has demonstrated willful, intentional and knowing non-compliance with 47 U.S.C. § 227(b)(1)(A) and 47 U.S.C. § 227(b)(1)(A)(iii) by calling the Plaintiff's Emergency Cell Phone. The call is subject to treble damages pursuant to 47 U.S.C. § 227(b)(3) as it was knowingly intentional and willful.

16. Plaintiff and Defendant ("ZIP") do not have within the meaning of 47 U.S.C. § 227(1) an established business relationship, (2) Plaintiff did not give defendant ("ZIP") his personal Emergency Cell Phone number, (3) Defendant ("ZIP") did not have express permission to call Plaintiffs emergency cell phone, (4) Plaintiff was charged for the call. (5) Plaintiff directed Defendant ("ZIP" not to further call Plaintiff's emergency cell phone on

the first call. Plaintiff is entitled to damages of $1,500 per violation pursuant to 47 U.S.C. § 227(b)(3)(C).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court enter a judgment in his favor and against Defendant ("ZIP") as follows:

1. For statutory damages of $16,500 pursuant to 47 U.S.C. § 227(b)(3)(C).
2. Costs of suit, and
3. Such other and further relief as the Court may deem is just and proper.

Dated: October 20, 2020

Respectfully,

:gavin mehl.

GAVIN MEHL
Plaintiff *Pro Se*