Gavin Mehl
1400 36th Street
Sacramento, California ~95816
(917)304-6089 emergency cell
mehlgavin@gmail.com

Plaintiff in *Pro Se*

**FILED**

JAN 2 7 2021

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
            DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAVIN MEHL | Case No.: 2:20-cv-02099-TLN-AC |
| Plaintiff, | DCN.:          GGM-1 |
| vs. | Hearing Date:   Wednesday February 3, 2021 |
| ZIP CAPITAL GROUP, LLC | W/o Appearance: Local Rule 230 (g) |
| Defendant. | |

## REPLY AND OBJECTIONS TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Pursuant to Local RULE 230(d) and Fed. R. Civ. P. 78, GAVIN MEHL ("Plaintiff"), timely submits his Reply to ZIP CAPITAL GROUP, LLCs' ("Defendant") Opposition to Plaintiff's Motion for Default Judgment.

Subject-Matter-Jurisdiction - Plaintiff alleges violations of the Telephone Communications Act 47 U.S.C. § 227 et seq. The court may exercise jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227(b)(3).

-1-

Personal Jurisdiction and Standing - The court may exercise personal jurisdiction over defendants. Unless a federal statute specifies otherwise, a district court applies the long-arm statute of the state in which it sits. Morrill v. Scott Fin. Corp., 873 F.3d 1136, 1141 (9th Cir. 2017). This Court may exercise specific personal jurisdiction over Defendants. The Complaint indicates that, on multiple occasions, Defendants intentionally contacted Plaintiff's emergency cell phone with no prior permission using zoho.com for its Automated telephone dialing system capabilities. Plaintiff was charged for the call ¶10, which created actual damage. Therefore Plaintiff alleges he has standing to bring this action.

MOTION FOR DEFAULT STANDARDS

Rule 55(b)(2) of the Federal Rules of Civil Procedure permits a court to grant default judgment against a party after the Clerk of Court has issued an Entry of Default pursuant to Fed. R.Civ. P. 55(a). The Court must consider seven factors: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether defendant's default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Const. Laborers Trust Funds for S. Cal. Admin. Co. v. Anzalone Masonry, Inc., 316 F. Supp. 3d 1192, 1198 (C.D. Cal. 2018) (citing Eitel v.McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986)).

1. Prejudice to Plaintiff

The first Eitel factor weighs in favor of default judgment. Plaintiff will be prejudiced by failure to enter default judgment, as continuation of this action despite Defendants' failure to respond precludes Plaintiff's ability to either obtain relief or litigate this case on the merits.

-2-

2.   Merits of plaintiff's substantive claim;

The second and third Eitel factors weigh in favor of default judgment. When moving for a default judgment, "the well-pleaded factual allegations in the complaint are accepted as true, with the exception that allegations as to the amount of damages must be proved." Anzalone, 316 F. Supp. 3d at 1198.  The TCPA is a strict liability statute, meaning Plaintiff need only plead facts sufficient to show Defendants engaged in unwanted calls without express written consent.

Defendant ZIP, has demonstrated intentional and willful or knowing non-compliance with 47 USC § 227(b)(1)(A) and § 227(b)(1)(A)(iii), in violating strict liability statute; by the following:

47 U.S.C. § 227(b)(1)(A) states in part:

("(b) Restrictions on use of automated telephone equipment

(1) Prohibitions.----It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States-

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice-")

47 U.S.C. § 227(b)(1)(A)(iii) states in part:

(1) Prohibitions.----It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States-

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice-")

("(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

Defendant ("ZIP") has damaged Plaintiff by violations of 47 USC 227 as follows:

§ 227(b)(1)(A) using an automatic telephone dialing system to call an emergency cell phone.

-3-

REPLY AND OBJECTIONS TO DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

§ 227(b)(1)(A) using a phone system with automatic telephone dialing system ***capabilities*** without an emergency purpose.

§ 227(b)(1)(A) making a call without prior express (written) consent of the Plaintiff.

§ 227(b)(3)(B) making a call without an established business relationship.

§ 227(b)(1)(A)(iii) making a call for which Plaintiff is charged for the call.

§ 227(b)(1)(A)(iii) making a call without permission to call MEHL's Emergency Cell Phone.

### 3.   Amount in Controversy

The fourth Eitel factor weighs in favor of entering default judgment. Default judgment is disfavored where the sum of money requested is too large or unreasonable when compared to a defendant's conduct. Anzalone, 316 F. Supp. 3d at 1201. The requested damages in this case are reasonable; Plaintiff requests a total judgment of $16,500. Of that amount is included of $1,500 per violation pursuant to 47 U.S.C. § 227(b)(3)(C).

### 4.   Possibility of Dispute

The fifth Eitel factor weighs in favor of entering default judgment. The possibility of a dispute regarding material facts is relevant only so far as there are two parties present to dispute those facts. When one party fails to appear to defend an action, there is no dispute of material facts.

### 5.   Excusable Neglect

This factor weighs heavily in favor of granting default judgment. The risk of excusable neglect is substantially lessened when a defendant fails to respond after being properly served. Wecosign, Inc. v. IFG Holdings, Inc., 845 F. Supp. 2d 1072,1082 (C.D. Cal. 2012). Defendants were served on October 30, 2020 (see doc. 5) and have failed to respond by filing an answer, a

REPLY AND OBJECTIONS TO DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

proper responsive pleading indicative of intent to contest this action. Therefore, this factor

supports entry of default judgment against Defendants

      NO GOOD CAUSE BY DEFENDANTS - Defendants fail to make a showing of good

cause in opposition for why they did not respond to the complaint. Defendants failed to allege a

reason or even excuse for why they did not appear.  Council states that he contacted the plaintiff

back in October, then plaintiff attempted to find council again later after default was entered.

Defendants statements are not a reason for why they did not respond to the complaint.  The

statements are confusing, ambiguous and fail as a matter of law to show why they did file

responsive pleadings.

      6.   Decision on the Merits.

      The final Etiel factor supports entry of default judgment. Though the Federal Rules of

Civil Procedure contain a strong preference for deciding cases on the merits, a judgment on the

merits is impractical, if not impossible, where defendants fail to respond to a plaintiff's complaint.

Anzalone, 316 F. Supp. 3d at 1202.  Accordingly, the preference for decisions on the merits does

not preclude default judgment.


      OBJECTIONS TO IMPROPER AND IRRELEVANT MATERIAL CONTAINED IN
      DEFENDANT'S OPPOSITION TO MOTION FOR DEFAULT JUDGMENT


      The court may strike from a pleading an insufficient defense or any redundant, immaterial,

impertinent, or scandalous matter. Fed. R. Civ. P. 12.  Plaintiff recognizes that parties can make

whatever arguments they believe will advance their interests.  However, statements that are

clearly irrelevant, false, or totally improper, are objectionable.

-5-

**Objection #1-** Plaintiff objects to defendant inserting MOTIONS TO VACATE THE DEFAULT PURSUANT TO Fed. R. Civ. P. 55(c) AND TO DISMISS PURSUANT TO 12(B)(1) AND 12(B)(6) AND MOTION TO STAY pursuant to RULE 230 (Fed. R. Civ. P. 78) motions shall be set for hearing on the motion calendar of the Judge not less than 28 days after service and filing of the motion.  Defendants included improper motions against the rules in his opposition are procedurally improper, confusing, vague and ambiguous in an attempt to hinder notice and opportunity of plaintiff's opposition.

**Objection #2-** Plaintiff objections to ¶ **5**, ¶ **6**, ¶ **7**, ¶ **8** and ¶ **9** and subsequent unnumbered paragraphs and pages under Fed. R. Evid. 701 to Defendants' Improper OPINION TESTIMONY BY LAY WITNESS and Fed. R. Evid. 602, 901a, lacks foundation.  Including but not limited to council Joshua Thomas lacks personal knowledge and authority to testify in his statement "Your number, the only alleged number called, 917-304-6089, is a business number."  Council's statement is out of context as to why his client failed to timely respond to the summons and improper as to how he is qualified to testify to the number of businesses and how he has personal knowledge of the fact.

**Objection #3-** Plaintiff objects to Defendant's Exhibits A and B under Fed. R. Evid. (901a): Lack of Authentication, Fed. R. Evid. (1001-1003) Best Evidence and Fed. R. Evid. 602, 901a, lacks foundation. Plaintiff objects to the exhibits be considered as part of Defendants Opposition.

**Basis of Objection:**  The compound motions are improper pursuant to the local rules, contain outside the scope of the purposes of the motion for default judgment and attempt to place a derogatory light on the plaintiff.

REPLY AND OBJECTIONS TO DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

*J & J Sports Prods., Inc. v. Marini*, No. 1:16-CV-0477-AWI-JLT, at *3 (E.D. Cal. Nov. 29, 2016) ("A matter is impertinent if it "consists of statements that do not pertain, and are not necessary, to the issues in question." *Fogerty*, 984 F.2d at 1527. A matter is scandalous if it improperly casts a derogatory light on a party to the action. *Lexinton Ins. Co.*, 2015 WL 5436784 at *10.").

*Dunmore v. Dunmore*, No. 2:11-cv-2867 MCE AC PS, at *4 (E.D. Cal. Mar. 7, 2013) ("A court may also strike responses that are immaterial or impertinent. Fed. R. Civ. P. 12(f). An immaterial response "has no essential or important relationship to the claim for relief of the defense being pleaded." Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1382 (3d ed. 2012)")

Therefore as a matter of law, the court should sustain these objections and strike the MOTIONS TO VACATE THE DEFAULT PURSUANT TO Fed. R. Civ. P. 55(c) AND TO DISMISS PURSUANT TO 12(B)(1) AND 12(B)(6) AND MOTION TO STAY, ¶ **5**, ¶ **6**, ¶ **7**, ¶ **8** and ¶ **9** and Exhibits A and B and grant Plaintiffs' motion for default judgment.


Respectfully submitted,

January 27, 2021

/s/ Gavin: Mehl.
GAVIN MEHL, Plaintiff *pro se*

-7-

REPLY AND OBJECTIONS TO DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

| Gavin Mehl<br>1400 36TH St.<br>Sacramento, Cal, ~95816<br>Phone: (917) 304-6089<br>mehlgavin@gmail.com | |
| --- | --- |
| In the United States District Court<br>For The Eastern District of California<br>501 I Street, Room 4-200<br>Sacramento, CA 95814 | CASE NO:<br>2:20-CV-02099-TLN-AC |

## PROOF OF SERVICE

[In accordance with Fed. R. Civ. P. 4 and Pursuant to California Rules of Court Emergency Rule 12]

1. I am at least 18 years old.
   a. My home or business address is (specify):

1400 36th Street Sacramento, Cal ~95816

   b. My Electronic service address is (specify):

mehljohn67@gmail.com

2. I electronically served the following document (exact titles):

**1) REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

3. I served the documents listed in 2 as follows via Electronic Service

| a. Name of person served:<br>b. Address of the person Served | **Joshua L. Thomas**<br>Law Offices of Joshua L. Thomas PLLC<br>225 Wilmington-West Chester Pike<br>Suite 200<br>Chadds Ford, PA 19317<br>(215) 806-1733<br>(888) 314-8910 (fax)<br>joshualthomas@gmail.com<br>*Assigned: 12/18/2020*<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |
| --- | --- |

-8-

REPLY AND OBJECTIONS TO DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

| c. Name of person served:<br>d. Address of the person Served | **David Jay Kaminski**<br>Carlson & Messer LLP<br>5901 West Century Boulevard, Suite 1200<br>Los Angeles, CA 90045<br>310-242-2200<br>kaminskd@cmtlaw.com<br>*Assigned: 12/15/2020*<br>*ATTORNEY TO BE NOTICED* |
| --- | --- |

4.   On (date):        January 27, 2021

I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

John Mehl  - Date January 27, 2021                    /s/ John Mehl
_____                    _____
(Type or Print name of Declarant)                      (Autograph of Declarant)

-9-

REPLY AND OBJECTIONS TO DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT