1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GAVIN MEHL,                              No.  2:20-cv-02099 TLN AC

12                  Plaintiff,

13        v.                                  FINDINGS AND RECOMMENDATIONS

14   ZIP CAPITAL GROUP, LLC,

15                  Defendant.

16

17          This matter is before the court on plaintiffs' motion for default judgment (ECF No. 13)

18   and defendant's counter-motion to set aside default (ECF No. 15).[1]  These motions were referred

19   to the undersigned pursuant to E.D. Cal. R. 302(c)(19).  Finding no hearing necessary, the matters

20   were taken under submission by the court.  ECF No. 14.  For the reasons stated below, the court

21   recommends defendant's motion to set aside default be GRANTED and plaintiff's motion for

22   default judgment be DENIED as moot.

23   _____

24   [1]  Defendant properly combined its counter-motion to vacate the entry of default with its
     opposition to plaintiff's motion for default judgment.  ECF No. 15.  However, defendant also
25   improperly attempted to include a motion to dismiss and a motion to stay in the same document.
     Id.  The latter motions were not properly noticed or briefed pursuant to the Local Rules of this
26   court.  See Local Rule 230.  The motion to dismiss and motion to stay are not related to the
     motion for default judgment within the meaning of Local Rule 230(e) (related and counter-
27   motions).  Accordingly, the undersigned will recommend that defendant's motion at ECF No. 15
     be denied without prejudice to refiling to the extent that it seeks dismissal and a stay.  Only the
28   issues related to default are considered here.

                                                    1

1

I.      Background

2          Plaintiff filed his complaint for violations of the Telephone Consumer Protection Act

3   ("TCPA") on October 20, 2020.  ECF No. 1 at 1.  Plaintiff filed his certificate of service on

4   November 24, 2020.  ECF No. 6.  Plaintiff requested entry of default in the same document (ECF

5   No. 6), and default was entered the same day (ECF No. 5).  Defendant appeared with counsel on

6   December 14, 2020.  ECF No. 8.  Plaintiff filed a motion for default judgment on December 23,

7   2020 (ECF No. 11), but the motion was vacated as not properly noticed (ECF 12).  Plaintiff filed

8   a new motion for default judgment on January 4, 2021 (ECF No. 13) and the court set it for

9   hearing on the papers on February 3, 2021.  ECF No. 14.  On January 20, 2021, defendant

10  opposed the motion for default judgment and moved to vacate the entry of default.  ECF No. 15.

11  Plaintiff replied on January 27, 2021.  The issues are now fully briefed.

12

II.      Analysis

13      A.      Legal Standard

14          The Federal Rules provide that a "court may set aside an entry of default for good cause."

15  Fed. R. Civ. P. 55(c).  To determine "good cause," a court must "consider[ ] three factors: (1)

16  whether [the party seeking to set aside the default] engaged in culpable conduct that led to the

17  default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default

18  judgment would prejudice" the other party.  See Franchise Holding II, LLC. v. Huntington

19  Restaurants Grp., Inc., 375 F.3d 922, 925–26 (9th Cir. 2004).  This standard, which is the same as

20  the one used to determine whether a default judgment should be set aside under Rule 60(b), is

21  disjunctive, such that a finding that any one of these factors is true is sufficient reason for the

22  district court to refuse to set aside the default.  See id.  Crucially, however, "judgment by default

23  is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be

24  decided on the merits."  Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984); see also Latshaw v.

25  Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006); Speiser, Krause & Madole

26  P.C. v. Ortiz, 271 F.3d 884, 890 (9th Cir. 2001); TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d

27  691, 695–96 (9th Cir. 2001), as amended on denial of reh'g and reh'g en banc (May 9, 2001).

28  Additionally, "[w]hile the same test applies for motions seeking relief from default judgment

2

1   under both Rule 55(c) and Rule 60(b), the test is more liberally applied in the Rule 55(c) context."

2   Cracco v. Vitran Exp., Inc., 559 F.3d 625, 631 (7th Cir. 2009) (quotations and citations omitted).

3   This is because in the Rule 55 context there is no interest in the finality of the judgment with

4   which to contend.  See Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir.

5   1986).

6      B.  There is Good Cause to Set Aside Default in This Case

7     Entry of default in this case should be set aside because it is clear that (1) defendant did

8   not engage in culpable conduct; (2) defendant has potentially meritorious defenses which it is

9   entitled to litigate; and (3) setting aside default would not prejudice plaintiff.  See Franchise

10   Holding II, LLC, 375 F.3d at 925–26.

11      1. Culpable Conduct

12     The court finds that defendant did not engage in culpable conduct.  "A defendant's

13   conduct is culpable if he has received actual or constructive notice of the filing of the action and

14   intentionally failed to answer . . .  [I]n this context the term 'intentionally' means that a movant

15   cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to

16   treat a failure to answer as culpable, the movant must have acted with bad faith, such as an

17   intention to take advantage of the opposing party, interfere with judicial decision making, or

18   otherwise manipulate the legal process."  United States v. Signed Pers. Check No. 730 of Yubran

19   S. Mesle, 615 F.3d 1085, 1092 (9th Cir. 2010) (internal citations omitted).

20     There is no evidence here that defendant's conduct was culpable.  Defendant states that as

21   soon as it became aware of the request for entry of default, "he immediately search and hired

22   local counsel and the Application for Pro Hac Vice was submitted on December 15, 2020.  It was

23   then granted on December 18, 2020.  As this motion to vacate default and dismiss was being

24   drafted, the motion for default judgment was then submitted a mere 5 days later, on December 23,

25   2020."  ECF No. 15 at 4.  There is no indication that defendant's conduct in this case was such

26   that there "is no explanation of the default inconsistent with a devious, deliberate, willful, or bad

27   faith failure to respond."  Mesle, 615 F.3d at 1092.

28   ////

2.   Potentially Meritorious Defenses

Defendant has indicated that it has potentially meritorious defenses which it should be allowed to litigate.  Specifically, defendant alleges that "[t]his entire case is based on palpably incorrect information and relies on laws that may well be considered unconstitutional."  ECF No. 15 at 1.  A case such as this, with disputed claims, facts, and defenses, is exactly the type of case that is best resolved on the merits.

3.   Prejudice to Plaintiff

Finally, lifting the entry of default will not prejudice plaintiff.  Plaintiff argues that setting aside default "precludes Plaintiff's ability to either obtain relief or litigate this case on the merits." ECF No. 16 at 2.  This is simply not true.  In fact, the opposite is true: lifting the entry of default *allows* plaintiff to litigate this case on the merits.  To the extent plaintiff argues prejudice by delay, the delay at issue here is one of a few months, at most, and is not prejudicial.  The court finds no prejudice to plaintiff from lifting the default.

For all these reasons, this case does not present circumstances which overcome the general policy favoring adjudication on the merits.  Accordingly, the motion to set aside default should be granted.

C.   Plaintiffs' Motion for Default Judgment is Moot

Because defendant's motion to set aside default judgment should be granted, plaintiff's motion for default judgment (ECF No. 13) must necessarily be denied as moot.

III.   Conclusion

For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1.   Defendant's motion at ECF No. 15 be GRANTED IN PART AND DENIED IN
   PART as follows:
      a.   GRANTED to the extent it seeks to set aside default, and
      b.   DENIED as improperly filed, without prejudice to refiling in compliance with
         the Local Rules, to the extent it seeks dismissal and a stay;

2.   Plaintiff's motion for default judgment (ECF No. 13) be DENIED as moot; and

////

4

3.   That defendant be ordered to file a proper answer to the complaint, or other responsive pleading, within 14 days of entry of the District Judge's order on this matter.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: February 10, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

5