Joshua Thomas Esq. (Pro Hac Vice)
Joshua LThomas@gmail.com
Law Offices of Joshua L. Thomas, PLLC
225 Wilmington-West Chester Pike, Suite 200
Chadds Ford, PA 19317
(215) 806-1733

David J. Kaminski (SBN 128509)
kaminskid@cmtlaw.com
Carlson & Messer LLP
5901 W. Century Blvd., Suite 1200
Los Angeles, CA 90045
(310) 242-2200

Attorneys for Defendant/Counterclaimant
ZIP CAPITAL GROUP, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| GAVIN MEHL, | CASE NO. 2:20-cv-02099-TLN-AC |
|---|---|
| Plaintiff, | **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM** |
| vs. | |
| ZIP CAPITAL GROUP, LLC, | |
| Defendant. | |
| ZIP CAPITAL GROUP, LLC | |
| Counterclaimant, | |
| vs. | |
| GAVIN MEHL, | |
| Counterdefendant. | |

{00149535;1}                                                                1

# ANSWER TO COMPLAINT

Defendant ZIP CAPITAL GROUP, LLC hereby answers the Complaint of Plaintiff GAVIN MEHL as set forth below.

1. Denied. This allegation sets forth the legal conclusion and as such, no further response required.

2. Denied. This allegation sets forth the legal conclusion and as such, no further response required.

3. Denied. The alleged violations have not taken place in this matter, so the veracity of this fact, or not, does not grant grounds to proceed.

4. Denied. This allegation sets forth the legal conclusion and as such, no further response required.

5. Denied. This allegation sets forth the legal conclusion and as such, no further response required.

6. Denied. This allegation sets forth the legal conclusion and as such, no further response required.

7. Denied. This allegation sets forth the legal conclusion and as such, no further response required.

8. Denied. This allegation sets forth the legal conclusion and as such, no further response required.

9. Denied. This allegation sets forth the legal conclusion and as such, no further response required.

10. Denied. This allegation sets forth the legal conclusion and as such, no further response required.

11. Denied. The alleged violations have not taken place in this matter, so the veracity of this fact, or not, does not grant grounds to proceed.

12. Denied. This allegation sets forth the legal conclusion and as such, no further response required.

13. Denied. This allegation sets forth the legal conclusion and as such, no further response required.

14. Denied. This allegation sets forth the legal conclusion and as such, no further response required.

15. Denied. This allegation sets forth the legal conclusion and as such, no further response required.

16. Denied. This allegation sets forth the legal conclusion and as such, no further response required.

## Response to Plaintiff's Prayer for Relief

Defendant denies that Plaintiff is entitled to any relief.

## Defendant's Prayer for Relief

WHEREFORE, Defendant demands entry of judgment as follows:

a. Dismissing the Complaint;

b. Awarding attorney's fees and cost of suit to Defendant; and

c. Granting such other relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a cause of action upon which relief may be granted.

2. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

3. Plaintiff's claims are barred by the doctrine of waiver and/or estoppel.

4. Plaintiff is not the real party in interest and lacks standing to sue; all necessary parties have not been joined.

5. Plaintiff claims are barred by the equitable doctrine of unclean hands, fraud, illegality, collusion, and conspiracy.

6. To the extent that Plaintiff did sustain any damages, which Defendant denies, such damages were caused, in whole or in part, by the comparative fault of Plaintiff and /or third parties.

7. Plaintiff has acted illegally an improperly at all relevant times and Plaintiff is therefore barred from any relief whatsoever.

8. Plaintiffs own conduct, including that of its agents, contractors and partners, and/ or conduct of third parties, constitute superseding or intervening causes with respect to Plaintiff's claim of damage or injury.

9. Plaintiff's claims are barred because Plaintiff would be unjustly enriched if allowed to recover all or any part of the damages or remedies alleged in the Complaint.

10. Plaintiff's claims are barred to the extent he consented to the purported calls or messages at issue, via prior express written consent or otherwise.

## COUNTERCLAIM AGAINST GAVIN MEHL – SUIT FILED AS A SLAPP ACTION AND SHOULD BE DISMISSED PER ANTI-SLAPP STATUTE

Defendant/Counterclaimant ZIP CAPITAL GROUP, LLC hereby asserts the following Counterclaim against Plaintiff/Counterdefendant GAVIN MEHL.

1. Section 425.16 of the California Code of Civil Procedure, enacted in 1992, states that "it is in the public interest to encourage continued participation in matters of public significance," without "abuse of the judicial process."

2. The California Supreme Court described a two-part test for special motions to strike in *Navallier v. Sletten* in 2002. *Navallier v. Sletten* 106 Cal.App.4th 763(2003).

3. First, the defendant must establish that the lawsuit is based on a "protected activity," as defined by § 425.16(e).

4. Second, they must show "a probability of prevailing on the claim."

5. This suit violated both of those two parts.

6. A plaintiff bringing a claim in the current action based on a statutory violation must still allege a concrete and particularized injury as a "plaintiff does not automatically satisfy the injury-in-fact requirement whenever a statute grants a right and purports to authorize a suit to vindicate it." *Id.* at 1549.

7. "'For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Id.* at 1547-1548, quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, n. 1.

8. For an injury to be concrete, the injury must actually exist; it "must be 'defacto.'" *Id.*

9. A "bare procedural violation, divorced from any concrete harm," does not satisfy the injury-in-fact requirement of Article III. *Id.*

10. Applying Spokeo, courts have found a plaintiff lacks Article III standing to bring claims under the TCPA due to the failure to establish a concrete any "concrete harm" or injury as a result of its phone calls. See *Romero v. Department Stores National Bank, et al.*, --- F.Supp.3d ---, 2016 WL 4184099, at *2 (S.D. Cal. Aug. 5, 2016); *Smith v. Aitima Med. Equip., Inc.*, 2016 WL 4618780, at *4 (CD. Cal. July 29, 2016).

11. Plaintiff does not plead any facts establishing that he suffered any concrete or particularized injury.

12. In fact, Plaintiff does not allege that he suffered any damages whatsoever as a result of any alleged violations of the TCPA.

13. In this particular case, there were never any violations.

14. This entire case is based on palpably incorrect information and relies on laws that may well be considered unconstitutional or do not apply.

15. Plaintiff has known this fact since October 29, 2020 yet continued to not only proceed with this matter, but pursue a default as well, hence why we ask it to be withdrawn.

16. On October 29, 2020, counsel sent to Mr. Mehl a cease and desist letter stating "My client's policy is to fully comply with the "Do Not Call" laws and regulations regarding individuals. On this occasion, it has been shown that there were never any violations as you claim. Your number, the only alleged number called, 917-304-6089, is a business number and was listed as such in multiple places, such as "mylifepharm.com", on Facebook, on "Zmaps City" for "Premier Payment Systems" and other sources as well. As such, this "personal" number appears to be used for at least one business."

17. Rather than respond properly, Mr. Mehl responded on November 4, 2020 with "Dear Mr. Thomas, Thank you for your email. Your client may find these cases enlightening. Respectfully submitted, Gavin Mehl".

18. In the two cases attached, both involved the same Plaintiff, a known serial litigator, and was in fact one I submitted in my letter as well and referenced below, *Shelton v Target Advance*, No. 18-2070, 2019 U.S. Dist. LEXIS 64713 (E.D. Pa. Apr. 16, 2019).

19. Then, the request for default was made on November 24, 2020.

20. Once this was made known to Defendant, he immediately search and hired local counsel and the Application for Pro Hac Vice was submitted on December 15, 2020.

21. It was then granted on December 18, 2020.

22. Further, the Supreme Court rendered a ruling in the matter of *Facebook, Inc. v. Duguid,* No. 19-511 (Decided April 1, 2021). (See Exhibit A).

23. As part of the ruling, it completely nullifies the claims made in that complaint, as more fully elaborated in the case itself.

24. "The Court reversed, in Facebook's favor, holding that to qualify as an "automatic telephone dialing system," a device must have the capacity either to store a telephone number using a random or sequential generator or to produce a telephone

number using a random or sequential number generator." *Facebook, Inc. v. Duguid*, No. 19-511 (Decided April 1, 2021).

25. As such, this case should be dismissed, and Defendant compensated for all fees and costs associated with the defense of this action.

WHEREFORE, Defendant/Counterclaimant requests that Plaintiff's Complaint be dismissed, that Defendant be awarded a judgment for the relief requested in its Counterclaim including damages, costs and reasonable attorney's fees; as well as for such other and further relief as this Honorable Court deems just and proper.

## **RESERVATION OF RIGHTS**

Defendant/Counterclaimant reserves the right to add additional defenses, new matters and counterclaims as are made known during the course of discovery.

Dated: April 5, 2021                Law Offices of Joshua L. Thomas, PLLC

                                    By: /s/ Joshua Thomas
                                        Joshua Thomas Esq.

Dated: April 5, 2021                Carlson & Messer LLP

                                    By: /s/ David J. Kaminski
                                        David J. Kaminski Esq.

                                    Attorneys for Defendant/Counterclaimant
                                    ZIP CAPITAL GROUP, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of April, 2021, a true and accurate copy of the foregoing DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM was filed through the ECF system, which will send notification of such filing to the e-mail addresses associated with this case.

Dated:  April 5, 2021         Carlson & Messer LLP

                              By: /s/ David J. Kaminski
                                  David J. Kaminski Esq.